UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INFINITY AUTO INSURANCE COMPANY,

    Plaintiff,

v.                                      Case No. 8:10-cv-1883-T-24-MAP

CONSTANTINO ORTIZ-GARCIA,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff Infinity Auto Insurance Company's Motion for Entry of Default Judgment as to Defendant Constantino Ortiz-Garcia. (Doc. 16).

**I.    Background**

Plaintiff alleges the following in its Complaint: On April 12, 2010, Defendant submitted an application (the "Application") for an automobile insurance policy to Plaintiff. (Doc. 1, Ex. A). On the application, Defendant represented that his principle residence was in Mulberry, Florida and that the vehicle he sought to insure (a Chevy Suburban) was garaged at the same residence in Mulberry, Florida. *Id.* Plaintiff relied on the representations in Defendant's Application by issuing a policy insuring his Chevy Suburban (the "Policy") on April 27, 2010. (Doc. 16, Ex. A).

On May 19, 2010, Defendant was involved in an accident in Bronx, New York while driving the Chevy Suburban listed on the Application. Defendant struck a pedestrian, Marie Frances Lynch, allegedly resulting in bodily injury and property damage to Ms. Lynch. Consequently, Ms. Lynch has made a claim under the Policy issued to Defendant. After the

accident was reported to Plaintiff, Plaintiff investigated the accident and obtained a recorded statement from Defendant. Defendant stated he had lived in New York since 2006 and that he rents an apartment in Bronx, New York in his own name. Defendant also stated that the Mulberry, Florida address listed on his Application is a home owned by his brother, where Defendant stays two to three months per year. Upon Plaintiff's discovery of Defendant's misrepresentations in his Application, Plaintiff rescinded the Policy.[1]

On August 23, 2010, Plaintiff filed the instant case seeking a declaration that the Policy has been rescinded and that Plaintiff is not required to defend or indemnify any party from claims or suits arising under the rescinded Policy, including claims arising out of the accident with Ms. Lynch. On December 2, 2010, Plaintiff personally served Defendant with the Summons and Complaint at 2640 Davidson Avenue, Apt. D, Bronx, New York 10468. (Doc. 14). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's response to the Complaint was due on December 23, 2010. To date, Defendant has not filed a response. On January 6, 2011, Plaintiff filed a Motion for entry of Clerk's Default and a Motion for Default Judgment. (Doc. 15 & 16). On January 7, 2011, the Clerk entered default against Defendant. (Doc. 17).

**II.     Discussion**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure and Local Rule 1.07(b), Plaintiff moves the Court to enter default judgment against Defendant, declaring that the Policy

---

[1] According to the Complaint, Plaintiff no longer writes new business in the State of New York and stopped writing business in New York around two years ago, before Defendant applied for the Policy. Additionally, at the time Defendant completed his Application, Plaintiff was not issuing any policies to potential insureds principally residing in New York or principally garaging their vehicles in New York. (Doc. 1 ¶28-29)

is rescinded, the Policy was void from its inception, and Plaintiff has no duty to defend and indemnify any party from, for, or against any claims arising under the Policy, including any claims arising out of the accident with Ms. Lynch. Because the Policy was issued and delivered in Florida, the issue of whether the Policy can be rescinded is governed by Florida law. *See Prime Ins. Synd., Inc. v. B.J. Handley Trucking, Inc.*, 363 F.3d 1089, 1091 (11th Cir. 2004); *Nova Cas. Co. v. Waserstein*, 424 F. Supp. 2d 1325, 1331 (S.D. Fla. 2006)

In regards to misrepresentations made in applications for insurance, Section 627.409(1) of the Florida Statutes is applicable and states:

> (1) Any statement or description made by or on behalf of an insured . . . in an application for an insurance policy . . . is a representation and is not a warranty. A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the . . . policy only if any of the following apply:
>
> (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.
> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy . . . .

Fla. Stat. §627.409(1). In applying this statute, Florida courts have stated, "[t]he law is well settled that if the misrepresentation of the insured were material to the acceptance of the risk by the insurer or, if the insurer in good faith would not have issued the policy under the same terms and premium, then rescission of the policy by the insurer is proper." *New York Life Ins. Co. v. Nespereira*, 366 So. 2d 859, 861 (Fla. 3d DCA 1979) (citing *Travelers Insurance Co. v. Zimmerman*, 309 So. 2d 569, 570 (Fla. 3d DCA 1975); *see also Mercury Ins. Co. of Florida v. Markham*, 36 So. 3d 730, 732 (Fla. 1st DCA 2010).

"When a default is entered, the defaulting party admits all well-pled factual allegations of

3

the complaint." *Donohue v. Brightman*, 939 So. 2d 1162, 1164 (Fla. 4th DCA 2006). In the instant case, the Clerk has entered default against Defendant. (Doc. 17). Plaintiff states in the Complaint that the misrepresentation made by Defendant regarding his principal home and garage address as being in Mulberry, Florida was material to its issuance of the Policy. Furthermore, Plaintiff states in the Complaint it has not issued auto insurance policies to individuals principally residing in the State of New York for the past two years, which includes the time when Defendant applied for the Policy. Accordingly, Plaintiff is entitled to rescission of the Policy. Based on the well-pled factual allegations of the Complaint, Section 627.409(1) of the Florida Statutes, and relevant case law, the Court finds that Plaintiff is entitled to default judgment against Defendant.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Entry of Default Judgment is GRANTED. The Court finds that the Policy is deemed rescinded and Plaintiff is relieved from any duty to defend and indemnify any party from, for, or against any claims arising under the Policy, including any claims arising out of the accident involving Ms. Lynch. The Clerk is directed to enter default judgment against Defendant and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of December, 2011.

                                                  SUSAN C. BUCKLEW
                                                  United States District Judge

Copies to:
Counsel of Record